# COMPOSITE EXHIBIT A



**MIAMI-DADE COUNTY CLERK OF THE COURTS**
HARVEY RUVIN

Contact Us    My Account    

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

**JOSE HERRERO VS SOUTH MIAMI HOSPITAL, INC.**

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2022-021149-CA-01 | **Filing Date:** | 11/02/2022 |
| **State Case Number:** | 132022CA021149000001 | **Judicial Section:** | CA06 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

👥 **Parties**                    Total Of Parties: 3 ➕

🔧 **Hearing Details**                    Total Of Hearings: 0 ➕

📡 **Dockets**                    Total Of Dockets: 9 ➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 9 | 11/15/2022 | | Receipt: | Event | RECEIPT#:3310132 AMT PAID:$10.00 NAME:FUNES, ALEJANDRO D. THE FUNES LAW FIRM PA 2857 SW 27TH AVENUE COCONUT GROVE FL 33133 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:11/15/2022 REGISTER#:331 CASHIER:EFILINGUSER |
| | | 11/14/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 8 | 11/14/2022 | | ESummons 20 Day Issued | Event | RE: INDEX # 7. Parties: SOUTH MIAMI HOSPITAL INC. |
| 📄 | 7 | 11/10/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 5 | 11/05/2022 | | Receipt: | Event | RECEIPT#:3160038 AMT PAID:$401.00 NAME:FUNES, ALEJANDRO D. THE FUNES LAW FIRM PA 2857 SW 27TH AVENUE COCONUT GROVE FL 33133 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:INDIGENT TENDER AMT:$401.00 RECEIPT DATE:11/05/2022 REGISTER#:316 CASHIER:EFILINGUSER |
| 📄 | 6 | 11/04/2022 | | Certificate of Indigency / Insolvency | Event | Parties: HERRERO JOSE |
| 📄 | 3 | 11/02/2022 | | Affidavit of Indigency | Event | |
| 📄 | 2 | 11/02/2022 | | Complaint | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 1 | 11/02/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.



Filing # 160509058 E-Filed 11/02/2022 04:21:48 PM

IN THE CIRCUIT/COUNTY COURT OF THE _____11th_____ JUDICIAL CIRCUIT
IN AND FOR _Miami_ _Dade_ COUNTY, FLORIDA
CASE NO. 2 2 - 2 1 1 4 9 CA 0 1

Jose Herrero
Plaintiff/Petitioner or In the Interest of

South Miami Hospital. Inc. aka Baptist Health South Florida.
Defendant/Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable up to 1 year in jail or up to $1,000 in fines, as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information provided on this application is true and accurate to the best of my knowledge.

Signed on _10_ / _31_ , 20 _22_

Jose Ramon Herrero (Oct 31, 2022 21:47 EDT)
Signature of Applicant for Indigent Status

Year of Birth _8/31/1966_   Last 4 digits of Driver License or ID Number _3110_

Print Full Legal Name/s: _Jose Herrero_

Email address: _jr herrero @ yahoo.com_   Phone Number/s: _786 271 8942_

Address: Street, City, State, Zip Code _7600 SW 16 TER, Miami FL 33155_

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have _2_ dependents. (Do not include children not living at home and do not include a working spouse or yourself.)

2. My take home pay is $ _200_ paid □ weekly □ every two weeks □ semi-monthly ☑ monthly □ yearly □ other _N/A_.
   Include cash payments. Include only your "net" pay. Your take home pay (net income) is your total salary and wages minus deductions required by law, including court-ordered support payments.

3. I have other income paid □ weekly □ every two weeks □ semi-monthly □ monthly □ yearly □ other _N/A_
   (Check "Yes" and fill in the amount if you have this kind of income, otherwise check "No")

| | | |
|---|---|---|
| Social Security benefits □Yes $_____ ☑No | Workers compensation □Yes $_____ ☑No | |
| Unemployment compensation □Yes $_____ ☑No | Regular support from | |
| Union payments □Yes $_____ ☑No | absent family members □Yes $_____ ☑No | |
| Retirement/pensions □Yes $_____ ☑No | Rental income □Yes $_____ ☑No | |
| Trusts □Yes $_____ ☑No | Dividends or interest □Yes $_____ ☑No | |
| Veterans' benefits □Yes $_____ ☑No | Other kinds of income not on the list □Yes $_____ ☑No | |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: (Check "yes" and fill in the value of the property, otherwise check "No")

| | | |
|---|---|---|
| Cash □Yes $_____ ☑No | Bank/Savings account ☑Yes $ _100_ □No | |
| Car/Motor Vehicle* Camry ☑Yes $ _3,000_ □No | Stocks/bonds/Certificates of Deposit □Yes $_____ ☑No | |
| Money market accounts □Yes $_____ ☑No | Homestead real estate ☑Yes $ _550,000_ □No | |
| Boats/other tangible property* □Yes $_____ ☑No | Non-homestead real estate* □Yes $_____ ☑No | |
| *show loans on these assets in paragraph 5 | Other assets* □Yes $_____ ☑No | |

Check one: I □ DO ☑ DO NOT expect to receive more assets in the near future. The asset and value is _N/A_

5. I have total liabilities and debts in the amount of $ _585,000_. I have loan balances on assets in paragraph 4:
   Car/Motor Vehicle $ _0_ ; Homestead $ _550,000_ ; Non-homestead real estate $ _0_ ; Boat $ _0_
   Other tangible property (identify here) _____ and loan balance $ _45,000 Credit cards_

---

**CLERK'S DETERMINATION**

Based on the information in this Application, I have determined the applicant to be ☐ Indigent ☑ Not Indigent according to s. 57.082, F.S.

Dated on _NOV 04 2022_

HARVEY RUVIN, CLERK

Clerk of the Circuit and County Courts
By _Victoria McQueen_ _30409_ Deputy Clerk

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.**
Sign here if you want the judge to review the clerk's decision. _____

Updated 4/7/2021

IN THE CIRCUIT/COUNTY COURT OF THE _____ 11th _____ JUDICIAL CIRCUIT
IN AND FOR _____ Miami _____ COUNTY, FLORIDA
_____ Dade _____ CASE NO._____

Jose Herrero

Plaintiff/Petitioner or In the Interest of

vs.

South Miami Hospil. Inc. aka Baptist Health South Florida.

Defendant//Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable up to 1 year in jail or up to $1,000 in fines, as provided in s.775.082, F.S. or s. 775.083, F.S. **I attest that the information provided on this application is true and accurate to the best of my knowledge.**

Signed on _____ 10 / 31 _____, 20 22 .

8/31/1966 _____ 3110

Year of Birth    Last 4 digits of Driver License or ID Number

Email address: _____ jr herrero @ yahoo.com

_____ 7600 SW 16 TER , Miami FL 33155

Address: Street, City, State, Zip Code

Jose Ramon Herrero (Oct 31, 2022 21:47 EDT)

Signature of Applicant for Indigent Status

Print Full Legal Name: _____ Jose Herrero

Phone Number/s: _____ 786 271 8942

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. **I have** 2 **dependents.** (Do not include children not living at home and do not include a working spouse or yourself.)

2. **My take home pay is $** 200 _____ paid ☐ weekly ☐ every two weeks ☐ semi-monthly ☑ monthly ☐ yearly ☐ other _____ N/A .
Include cash payments. Include only your "net" pay. Your take home pay (net income) is your total salary and wages minus deductions required by law, including court-ordered support payments.

3. **I have other income** paid ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other _____ N/A
(Check "Yes" and fill in the amount if you have this kind of income, otherwise check "No")

| | | | |
|---|---|---|---|
| Social Security benefits ☐Yes $_____ ☑No | Workers compensation ☐Yes $_____ ☑No |
| Unemployment compensation ☐Yes $_____ ☑No | Regular support from absent family members ☐Yes $_____ ☑No |
| Union payments ☐Yes $_____ ☑No | Rental income ☐Yes $_____ ☑No |
| Retirement/pensions ☐Yes $_____ ☑No | Dividends or interest ☐Yes $_____ ☑No |
| Trusts ☐Yes $_____ ☑No | Other kinds of income not on the list ☐Yes $_____ ☑No |
| Veterans' benefits ☐Yes $_____ ☑No | |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. **I have other assets:** (Check "yes" and fill in the value of the property, otherwise check "No")

| | | |
|---|---|---|
| Cash ☑Yes $ 2311 Honda ☐No | Bank/Savings account ☑Yes $ 100 ☐No |
| Car/Motor Vehicle* Camry ☑Yes $ 3,000 ☐No | Stocks/bonds/Certificates of Deposit ☐Yes $_____ ☑No |
| Money market accounts ☐Yes $_____ ☑No | Homestead real estate ☑Yes $ 550,000 ☐No |
| Boats/other tangible property* ☐Yes $_____ ☑No | Non-homestead real estate* ☐Yes $_____ ☑No |
| *show loans on these assets in paragraph 5 | Other assets* ☐Yes $_____ ☑No |

Check one: I ☐ DO/☑ DO NOT expect to receive more assets in the near future. The asset and value is _____ N/A .

5. **I have total liabilities and debts in the amount of $** 595,000 , I have loan balances on assets in paragraph 4:
Car/Motor Vehicle $ 0 ; Homestead $ 550,000 ; Non-homestead real estate $ 0 ; Boat $ 0 ;
Other tangible property (identify here) _____ 0 _____ and loan balance $ 45,000 . Credit cards

## CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be ( ) Indigent ( ) Not Indigent, according to s. 57.082, F.S.

Dated on _____, 20 ____.

_____

Clerk of the Circuit Court

By _____, Deputy Clerk

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME.** THERE IS NO FEE FOR THIS REVIEW.

Sign here if you want the judge to review the clerk's decision _____

Updated 4/7/2021

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JOSE HERRERO,                                   GENERAL JURISDICTION DIVISION
                                                CASE NO.:

      Plaintiff,

v.

SOUTH MIAMI HOSPITAL, INC. d/b/a, aka,
BAPTIST HEALTH SOUTH FLORIDA,
A Florida corporation,

      Defendant.
_____/

## **COMPLAINT**

The plaintiff, JOSE HERRERO ("Mr. HERRERO"), sues SOUTH MIAMI HOSPITAL, INC.,

d/b/a, aka, BAPTIST HEALTH SOUTH FLORIDA and alleges as follows:

## **JURISDICTION AND VENUE**

1.  This action seeks equitable relief and damages and is within the subject matter jurisdiction of this

    Court.  Plaintiff brings this Florida statutory claim under the Florida Civil Rights Act of 1992

    ("FCRA"), Florida Statutes § 760.01, et. seq., and <u>AMERICANS WITH DISABILITIES ACT, 42</u>

    <u>U.S.C. §12101</u>; § 2000e-2(a) of the Civil Rights Act ("Title VII" or "ADA").

2.  Jurisdiction is conferred upon this Court by 42 U.S.C. § 12101, et. seq., 28 U.S.C. § 1331; 28

    U.S.C. § 1343.

3.  Mr. HERRERO is an individual who, during the course of his employment with Defendant, was a

    Surgical House Physician Assistant for over 16 years with Defendant's hospital in the state of

    Florida.

4.  Defendant operated, conducted, engaged in, and carried on a business in Florida, which primarily

    operates a hospital and provides medical services.   Defendant engaged in commerce or other

industry or activity affecting commerce and employs fifty (50) or more employees for each

working day during each of the twenty (20) or calendar workweeks in the preceding calendar year.

5.  Venue is proper in Miami-Dade County, Florida because all acts complained of occurred

therein, Plaintiff resides in Miami-Dade County and did so at the time of the incidents alleged in

the complaint, and Defendant has engaged in business there during the relevant time.

## **FACTUAL ALLEGATIONS**

6.  Plaintiff had been working with South Miami Hospital as a Surgical House Physician

Assistant (SHP), d/b/a Baptist Health for over 16 years. His work was uninterrupted and free

of write-ups.

7.  On or about February 2021, he was diagnosed with Noise Induced Bilateral Hearing Loss and

tinnitus.  He was told by his doctors that it may have been caused by the equipment used at the

hospital on orthopedic surgery.   He also notified OSHA/Labor Department that the equipment

may have had caused his hearing conditions and tinnitus.

8.  On June 1, 2021 he was notified by his supervisors, employment health office, and human

resources, of his diagnosis.  He had a recommendation from his doctor to refrain to exposure

to very high noises and if he were exposed to high noise to wear ear hearing protection.

However, he could still be placed on other surgeries, obstetric gynecology plastic surgery, and

general surgery, robotic, etc.

9.  Defendant's job requirements for SHP required unobstructed hearing.  However, Plaintiff was

never diagnosed by his doctor or any other treating doctor with a hearing impairment that

would prevent him to perform, assist, or execute functions at all surgeries performed at a

hospital.

10. Also, nothing in the record indicates that Plaintiff suffered from obstructed hearing that would interfere with differentiating in tones, in person and/or through electronic devices, and understand meanings of words associated with them.

11. For instance, the first document diagnosing Plaintiff with hearing loss and tinnitus was issued by his personal doctor specialist in Ear Nose and Throat .(Otolaryngology)  Dr. Christine Dinh, MD.

12.      Dr. Dinh's indicated that the Plaintiff's condition could be resolved or improved by the use of hearing aids (never suggested or offered by the Hospital) or by temporarily placing Plaintiff in other type of surgery such as OB/GYN, or if assigned to Orthopedic Surgery, where drills and saws were used, then Plaintiff should wear hearing protection.

13. On June 1, 2021, the Hospital was first notified of Plaintiff's disability when he provided Dr. Dinh's written opinion letter and a Return to Work Document (RWD).  However, Dr. Dinh's letter indicated that by temporarily placing Plaintiff in other type of surgery such as OB/GYN, or if assigned to Orthopedic Surgery, where drills and saws were used, then Plaintiff should wear hearing protection.  In sharp contrast. The RWD incorrectly stated that Plaintiff should not be placed in Orthopedic Surgery or other surgery where drilling or saws were used; this was erroneous because no assessment by a medical expert had been done.

14. On June 4, 2021 he was told verbally and in writing, by Human Resources Director, Diana Montenegro, that  he could not work for any of the procedures in the surgery department.  Instead, he was given the options to work in dining. Transportation and cleaning services.  Ms. Montenegro indicated to him "you are deaf, you cannot work in surgery!" and that he can only be placed in Transportation Services, Dining Services, or Cleaning Services.

15. Specifically, the areas that were restricted  under the RWD were Cutting and Drilling and other noises related to:

1-Orthopedic Surgery

2- Podiatry Surgery.

16. Plaintiff could have been placed on various Operating Room (OR)'s positions and specialties

that do not involve exposure to High Noise environment in the OR, which are the areas that

Plaintiff is recommended to be excluded from performing.

17. The Specialties related to Low Noise Environment in OR (Open, Robotic & Laparoscopic

approach per Surgeon decision) are:

1-Obstetrics.
2-Gynecology.
3-Gynecology-Oncology.
4-Plastic & Reconstructive.
5-EENT.
6-Orofacial.
7-Maxilofacial.
8-Craneofacial.
9-Breast oncology.
10-Urology.
11-Hands Surgery.
12-General Surgery.
13- Vascular Surgery.
14-Cardiac & Thoracic Surgery.
15- Neurosurgery.
16-Pediatric Surgery (neonates).
17-Colorectal Surgery.

18. These surgeries above do not require drilling or cutting and Plaintiff is not precluded from

practicing in these areas.  It is worth noting that in a follow-up visit Plaintiff had with his

doctor, Dr. Dinh, the doctor concluded that Plaintiff can, and is able to work in those areas

above, and his hearing loss and tinnitus would not interfere with the usual sounds (from

electronics, staff, or other devices) that are experienced in those areas.

19. Furthermore other Surgical House Physicians (SHPs) that have been working for a long time out of

ORTHOPEDIC Surgery where assigned to one of the 17 OR areas listed above, or where placed in

4

positions which duties included History & Physical Examinations (clinics histories).  These employees had the exact Job Description of Plaintiff. Some of these employees, who were not subject to demotion, forced absence, being placed on inactive status, and/or denial of working in other surgical areas that Plaintiff could have been placed in, include:

    a. 1- Maria Antonia Camacho (provisional supervisor) only H & P occasionally a C/Section
    b. 2-Jose Tudela only H & P occasionally C/Sections or other case
    c. 3- Manuel Serrano only Obstetrics (Labor & Delivery)
    d. 4-Armando Sarasua always in General Surgery, and very occasionally in other areas
    e. 5-Other employees placed in Neurosurgery mostly cover by any House Physician with that background

20. Plaintiff was not given any options to be accommodated on other positions even though he qualified to work on other surgeries besides orthopedic surgery.  Besides, he was offered the other dining, cleaning services that was basically a demotion or something that Plaintiff or other similar employee would conclude was termination.

21. It was clear that his hearing condition and tinnitus diagnosis was the reason he was removed his position, was discriminated against, and was not properly accommodated to an equivalent position.

22. Plaintiff lost his salary benefits, felt singled out because of his condition, and has suffered monetary loss, emotional distress and mental anguish as a result of the termination

23.  Mr. HERRERO has retained The Funes Law Firm, P.A. to prosecute this action and has agreed to pay his attorney a reasonable fee.

24.  All conditions precedent to filing this action have been satisfied or waived.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

25. Mr. HERRERO realleges and incorporates paragraphs 1 through 24 above as if set forth in full herein.

26. Mr. HERRERO filed a Charge of Discrimination ("Charge"), with the EEOC. **A copy of the Charge is attached as Exhibit "A."**

27. The EEOC issued Mr. HERRERO a Right to Sue letter. **A copy of the EEOC's Right to Sue letter is attached as Exhibit "B."** Plaintiff's original Complaint was filed timely since it is being filed within ninety (90) days after said Right to Sue was issued

**COUNT I - FLORIDA CIVIL RIGHTS ACT CLAIM FOR DISCRIMINATION**

**<u>TERMINATION OF EMPLOYMENT BASED ON DISABILITY</u>**

Mr. HERRERO realleges and incorporates paragraphs 1 through 27 above as if set forth in full herein.

28. Defendant have engaged in unlawful employment practices and policies in the terms and conditions of HERRERO's employment in violation of The Florida Civil Rights Act ("FCRA"), Florida Statute § Section 760.01, et. seq.

29. The discriminatory practices undertake by Defendant include, but are not limited to, altering the terms and conditions of HERRERO's terms of employment by wrongfully terminating his current employment as SHP, removing him from his current position, demoting him to other areas that were significantly unrelated to his position because of his medical condition and physical disability.

30. In comparison, Defendant did not remove, terminated, or suspended other employees with similar positions who also had other type of physical issues or disabilities, and only Plaintiff was singled out, demoted, and or removed from any type of surgery. Meanwhile, other employees/SHPs were given options to work in other areas of surgery besides Orthopedic or Podiatric surgeries.

31. The effect of the practices complained of above has been to deprive HERRERO of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability medical condition.

32. The corporate Defendant is directly and vicariously responsible for the Plaintiff was subjected by Defendant's managers, supervisors, and Human Resources staff.

33. As direct and proximate result of the malicious, intentional and premeditated discriminatory acts by the Defendant with respect to this discrimination in the terms and conditions of HERRERO's employment, HERRERO has been damaged. Plaintiff's damages included back pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, and loss of enjoyment of life.

## COUNT II - FLORIDA CIVIL RIGHTS ACT

## <u>CLAIM FOR FAILURE TO ACCOMMODATE</u>

34.  Mr. Herrero realleges and incorporates paragraphs 1 through 27 above as if set forth in full herein.

35. Defendant failed to make a reasonable accommodation to Plaintiff in violation of The Florida Civil Rights Act ("FCRA"), Florida Statute § Section 760.01, et. seq.

36. The effect of the practices complained of in paragraphs 6 through 22 above has been to deprive Plaintiff of equal employment opportunities and otherwise to adversely affect his status as an employee because of his disability.

37. In comparison, Defendant did not remove, terminated, or suspended other employees with similar positions who also had other type of physical issues or disabilities, and only Plaintiff was singled out, demoted, and or removed from any type of surgery.  Meanwhile, other employees/SHPs were given options to work in other areas of surgery besides Orthopedic or Podiatric surgeries.  Plaintiff

was not accommodated to in areas that he was suitable for work despite his disability or medical condition.

38. The unlawful employment practices complained of above were intentionally done with malice and/or reckless indifference to the protected rights of Plaintiff.

39. As direct and proximate result of the malicious, intentional and premeditated discriminatory acts by the Defendant with respect to this discrimination in the terms and conditions of Plaintiff's employment, Plaintiff has been damaged. Plaintiff's damages included back pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, and loss of enjoyment of life.

## COUNT III – UNLAWFUL DISCRIMINATION IN VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT §42 U.S.C. 12101 et. seq.,

40. Mr. HERRERO realleges and incorporates paragraphs 1 through 27 above as if set forth in full herein.

41. Mr. HERRERO is a person with a disability as that term is defined by the Americans with Disabilities Act ("ADA"), and/or was perceived by Defendants as suffering from a disability, as that term is defined by the ADA.

42.  At all material times, Mr. HERRERO was a qualified individual as that term is defined by the ADA and was qualified to perform his job and did fulfill all job requirements, with or without a reasonable accommodation.

43.  The Defendant took adverse employment actions against Plaintiff, terminated him and removed him from his current position, because he is a person with a disability and/or because Defendants perceived him to suffer from a disability.

44. In comparison, Defendant did not remove, terminated, or suspended other employees with similar positions who also had other type of physical issues or disabilities, and only Plaintiff was singled

8

out, demoted, and or removed from any type of surgery.  Meanwhile, other employees/SHPs were

given options to work in other areas of surgery besides Orthopedic or Podiatric surgeries.

Defendant failed to accommodate Plaintiff in any way.

45. As direct and proximate result of the malicious, intentional and premeditated discriminatory acts by

the Defendants with respect to this discrimination in the terms and conditions of Plaintiff's

employment, Plaintiff has been damaged. Plaintiff's damages included back pay, loss of benefits,

future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, and loss of

enjoyment of life.

## COUNT IV – UNLAWFUL DISCRIMINATION FOR FAILURE TO ACCOMMODATE IN

## VIOLATION OF THE

## AMERICANS WITH DISABILITIES ACT §42 U.S.C. 12101 et. seq.

46.  Mr. Herrero realleges and incorporates paragraphs 1 through 27 above as if

set forth in full herein

47. Defendant failed to make a reasonable accommodation to Plaintiff in violation of section

102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A), as amended by the Americans with Disabilities

Act Amendments Act of 2008.

48.  The effect of the practices complained of in paragraphs 6 through 22 above has been

to deprive Plaintiff of equal employment opportunities and otherwise to adversely affect his

status as an employee because of his disability.

49. The unlawful employment practices complained of above were intentionally done with malice

and/or reckless indifference to the protected rights of Plaintiff.

50. As direct and proximate result of the malicious, intentional and premeditated discriminatory acts by

the Defendants with respect to this discrimination in the terms and conditions of Plaintiff's

employment, Plaintiff has been damaged. Plaintiff's damages included back pay, loss of benefits,

future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, and loss of enjoyment of life.

WHEREFORE, HERRERO demands judgment against Defendant an all counts above, for damages equal to the amount of wages, employment benefits and other compensation denied or lost to HERRERO as a result of its violations, including but not limited to, an award of back pay, front pay, interest on wages, employee benefits and other compensation denied or lost at the statutory interest rate, liquidated damages equal to the sum of the amount of actual damages and interest, as well as all damages, including punitive damages pursuant to the FCRA and ADA, and any and all other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JOSE HERRERO, demands trial by jury on all issues so triable.

Plaintiff reserves the right to assert a claim for punitive damages upon the Court's determination that the applicable statutory prerequisites have been met.

Dated: November 2, 2022

Respectfully submitted by:

/s/Alex D. Funes
ALEX D. FUNES
**The Funes Law Firm, P.A.**
*Attorney for Plaintiff*
Florida Bar No. 635340
2490 Coral Way, 4th Floor
Miami, FL 33145
Telephone/Fax: (305) 731-2397
info@funeslaw.com
af@funeslaw.com
funeslaw@gmail.com

# EXHIBIT "A"

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ FEPA | |
| ☒ EEOC | |

### Florida Commission on Human Relations and EEOC
*(State or Local Agency, If Any)*

| NAME *(Indicate Mr., Ms., or Mrs.)* | HOME TELEPHONE NUMBER *(include Area Code)* |
|---|---|
| Jose R. Herrero | 786-271-8942 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 7600 SW 16th | Terrace  Miami, FL 33155 | 08-31-66 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below).*

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER *(include Area Code)* |
|---|---|---|
| South Miami Hospital, Inc. | 200+ | ( 786) 662-4000) |

| STREET ADDRESS | | COUNTY |
|---|---|---|
| 6200 SW 73rd St  Miami, FL 33143 | | Miami-Dade |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

X ADA, Disability Discrimination and Failure to accommodate

X Retaliation

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| *EARLIEST* | *LATEST* |
| June 1, 2021 | ongoing |
| X CONTINUING ACTION | |

THE PARTICULARS ARE   *(If additional space is needed, attached extra sheet(s))*

I, Jose Herrero, had been working with South Miami Hospital as a Surgical House Physician Assistant., d/b/a Baptist Health for over 16 years. On or about February 2021, I was diagnosed with Noise Induced Bilateral Hearing Loss and tinnitus. I was told by my doctors that it may have been caused by the equipment used at the hospital on orthopedic surgery.   I also notified OSHA/Labor Department that the equipment may have had caused my hearing condition and tinnitus.

On June 1, 2021 I notified my supervisor, employment health office, and human resources, of my diagnosis.  I had a recommendation from my doctor to refrain from being places in orthopedic surgery.  However, I could still be placed on other surgeries, obstetric gynecology plastic surgery, and general surgery, robotic, etc..

After a few days I was told verbally and in writing that I could not work for any of the procedures in the surgery department.  Instead, I was given the options to work in dining. Transportation and cleaning services.

I was not given any options to be accommodated on other positions even though I qualified to work on other surgeries besides orthopedic surgery.  Besides, I was offered the other dining, cleaning services that was basically a demotion or something that I felt was termination.

I felt that my hearing condition and tinnitus diagnosis was the reason I as removed from my position, and I felt discriminated against, and I feel that I was not properly accommodated to a equivalent position.  Also, I feel that I was retaliated because the hospital became aware of my reporting to OSHA of my disability and my condition.  I lost my job and was affected emotionally.

I want this charge filed with the EEOC and the State or local agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – (When necessary to meet State and Local Requirements)

[NOTARY SIGNS HERE]

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

Notary Public State of Florida
Alejandro D Funes
My Commission HH 039634
Expires 09/07/2024

I declare under penalty of perjury that the foregoing is true and correct.

X

[SIGN HERE]
Date Charging Party (Signature)

7/29/2021

SIGNATURE OF COMPLAINANT

X

[SIGN HERE AGAIN]
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE:
(Month, day and year)

7/29/2021

# EXHIBIT "B"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St ,Suite 1500
Miami ,Florida ,33131
(305) 808-1740
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/12/2022

**To:** Mr. Jose R. Herrero
7600 S.W. 16th Terrace
Miami, FL 33155

South Mami Hospital, Inc.
c/o Liz Rauert, Esq.
Littler Mendelson, PC
2301 McGee St., Ste. 800
Kansas City, MO 64108
LRauert@littler.com

Charge No: 510-2021-04586

EEOC Representative and email:   Kelly McMurry
Investigator
kelly.collins.mcmurry@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2021-04586.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Miami District Office**
100 SE 2nd St ,Suite 1500
Miami ,Florida ,33131
(305) 808-1740
Website:  www.eeoc.gov

On Behalf of the Commission:
Digitally Signed By:  Roberto Chavez  08/12/2022

_____
Roberto Chavez
Acting District Director

**Cc:** *Charging Party's Representative:*
  Alex D. Funes, Esq.
  THE FUNES LAW FIRM
  2490 Coral Way, 4th Floor
  Miami, FL 33145
   af@funeslaw.com

  Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2021-04586 to the Acting District Director at Roberto Chavez, 100 SE 2nd St Suite 1500 Miami, FL 33131. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

 ➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
 ➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
 ➢ **Only one** major life activity need be substantially limited.
 ➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
 ➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
 ➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

 ➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

 For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>JOSE HERRERO</u>
Plaintiff

Case # _____

Judge  _____

vs.

<u>SOUTH MIAMI HOSPITAL, INC., BAPTIST HEALTH SOUTH FLORIDA, INC.</u>
Defendant

---

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

## III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>4</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
    <u>na</u>

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Alejandro D Funes</u>        Fla. Bar # <u>635340</u>
        Attorney or party            (Bar # if attorney)

<u>Alejandro D Funes    </u>        <u>11/02/2022</u>
  (type or print name)          Date

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISICTION DIVISION
CASE NO.: 2022-021149-CA-01

JOSE HERRERO

     Plaintiff,

                                                **SUMMONS**
                                             (Corporate)

    v.

SOUTH MIAMI HOSPITAL, INC. d/b/a, a/k/a,
BAPTIST HEALTH SOUTH FLORIDA,

A Florida Corporation,
      Defendant.
_____/

STATE OF FLORIDA,
**TO EACH SHERIFF OF THE STATE:**

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant **SOUTH MIAMI HOSPITAL, INC.** by serving it's registered agent: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

      Each Defendant is required to serve written defenses to Complaint on Plaintiff's Attorney: **Alex D. Funes, Esq.,** whose address is: **The Funes Law Firm, 2490 Coral Way, 4th Floor, Miami, FL 33145; email: funeslaw@gmail.com,** within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court (**Dade County Courthouse, 73 W. Flagler Street, Miami, FL 33131**) either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

      Dated this _____ day of the month of___11/14/2022_____, 2022—.

                         HARVEY RUVIN
                         Clerk of Courts

                BY: _____
                     Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente tiene 20 dias contados a partir del recibo de esta notificacion para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa debe presentar su respuesta por escrito incluyendo el numero de caso y los nombres de las partes interesedas. Si usted no contesta la demanda a tiempo pudiese perder el caso y podria ser despojado de sus ingresos y propiedades o privado de sus derechos sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta al mismo tiempo en que presenta su respuesta ante el tribunal debera usted enviar por correo o entregar una copia de su respuesta a la persona demoninada abajo como "Plaintiff/Plaintiff Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite avec mention de neumero de dossier ci-dessus et du nom des parties nommees ici si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis vous risquez de perdre la cause ainsi que votre salaire votre argent et vos biens peuvent etre saisis par la suite sans aucun preavis ulterieur du tribunal. II y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'um avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telepones).

Si vous choisissez de deposer vous-meme une respnse ecrite, il vous faudra egalement en meme temos que cette formalite faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

| ADDITIONAL COURT FACILITY LOCATIONS | | |
|---|---|---|
| Joseph Caleb Center (20)<br><br>5400 N.W. 22nd Avenue<br>Miami, FL  33142 | North Dade Justice Center (23)<br><br>15555 Biscayne Blvd.<br>Miami, FL  33161 | South Dade Government Center (26)<br><br>10710 S.W. 211th Street<br>Miami, FL  33189 |
| Miami Beach District Court (24)<br><br>1130 Washington Avenue<br>Miami Beach, FL  33139 | Homestead District Court (27)<br><br>715 N.E. 1st Road<br>Homestead, FL  33030 | Coral Gables District Court (25)<br><br>3100 Ponce de Leon Blvd.<br>Coral Gables, FL  33134 |

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**
**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Alican Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISICTION DIVISION
CASE NO.: 2022-021149-CA-01

JOSE HERRERO

     Plaintiff,

**SUMMONS**
(Corporate)

   v.

SOUTH MIAMI HOSPITAL, INC. d/b/a, a/k/a,
BAPTIST HEALTH SOUTH FLORIDA,

A Florida Corporation,

    Defendant.

_____ /

STATE OF FLORIDA,
**TO EACH SHERIFF OF THE STATE:**

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant **SOUTH MIAMI HOSPITAL, INC.** by serving it's registered agent: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

    Each Defendant is required to serve written defenses to Complaint on Plaintiff's Attorney: **Alex D. Funes, Esq.,** whose address is: **The Funes Law Firm, 2490 Coral Way, 4th Floor, Miami, FL 33145; email: funeslaw@gmail.com,** within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court (**Dade County Courthouse, 73 W. Flagler Street, Miami, FL 33131**) either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

    Dated this _____ day of the month of_____, 2022—.

                   HARVEY RUVIN
                   Clerk of Courts

            BY: _____
                 Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente tiene 20 dias contados a partir del recibo de esta notificacion para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa debe presentar su respuesta por escrito incluyendo el numero de caso y los nombres de las partes interesedas. Si usted no contesta la demanda a tiempo pudiese perder el caso y podria ser despojado de sus ingresos y propiedades o privado de sus derechos sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta al mismo tiempo en que presenta su respuesta ante el tribunal debera usted enviar por correo o entregar una copia de su respuesta a la persona demoninada abajo como "Plaintiff/Plaintiff Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite avec mention de neumero de dossier ci-dessus et du nom des parties nommees ici si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis vous risquez de perdre la cause ainsi que votre salaire votre argent et vos biens peuvent etre saisis par la suite sans aucun preavis ulterieur du tribunal. II y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'um avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telepones).

Si vous choisissez de deposer vous-meme une respnse ecrite, il vous faudra egalement en meme temos que cette formalite faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

| ADDITIONAL COURT FACILITY LOCATIONS | | |
|---|---|---|
| Joseph Caleb Center (20)<br><br>5400 N.W. 22nd Avenue<br>Miami, FL  33142 | North Dade Justice Center (23)<br><br>15555 Biscayne Blvd.<br>Miami, FL 33161 | South Dade Government Center (26)<br><br>10710 S.W. 211th Street<br>Miami, FL  33189 |
| Miami Beach District Court (24)<br><br>1130 Washington Avenue<br>Miami Beach, FL  33139 | Homestead District Court (27)<br><br>715 N.E. 1st Road<br>Homestead, FL  33030 | Coral Gables District Court (25)<br><br>3100 Ponce de Leon Blvd.<br>Coral Gables, FL  33134 |

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**
**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**