# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:22-cv-24085-RKA

JOSE HERRERO,

     *Plaintiff,*

v.

SOUTH MIAMI HOSPITAL, INC.
d/b/a, a/k/a SOUTH MIAMI HOSPITAL
HEALTH SOUTH FLORIDA, a Florida
corporation,

     *Defendant.*

_____

## DECLARATION OF DIANA MONTENEGRO

     I, Diana Montenegro, make the following declaration under penalty of perjury pursuant to the laws of the United States:

     1.     I am over 18 years of age and competent to testify to the matters stated in this declaration.  This declaration is given voluntarily.

     2.     I am currently employed as a Human Resources Director at South Miami Hospital, Inc., which is part of the Baptist Health South Florida family of hospitals. I have worked in the capacity of Human Resources Director since June 14, 2010.  As a result of holding this position, I have personal knowledge of the facts stated herein.

     3.     South Miami Hospital is an Equal Employment Opportunity employer that maintains policies expressly prohibiting discrimination and harassment against employees based on disability, among other protected characteristics.  *A true and correct copy of South Miami*

*Hospital's Equal Employment Opportunity Policy is attached as Exhibit 1; South Miami Hospital's Policy Prohibiting Harassment and Discrimination is attached as Exhibit 2.*

4.　　South Miami Hospital also has established reporting mechanisms for employees to report any perceived unlawful, discriminatory treatment. *See* Ex. 1 and 2.

5.　　According to the Equal Employment Opportunity Policy, any employee who believes he has been subject to "any type of harassment or discrimination" must bring it to his leader, any other leader, Human Resources or through the Compliance Hotline. *See* Ex. 1.

6.　　South Miami Hospital also has a policy entitled, "Accommodations for Applicants and Employees with Disabilities." *A true and correct copy of this policy is attached as Exhibit 3.*

7.　　As part of my role, I have assisted managers in identifying reasonable accommodations for employees with disabilities that would permit the employees to perform the essential functions of their jobs without presenting an undue hardship to South Miami Hospital.

8.　　In June 2021, I was tasked with assisting management in determining whether South Miami Hospital could reasonably accommodate work restrictions presented by then-Surgical House Physician Jose Herrero.

9.　　Upon speaking with Ms. Norma Sabates, Director of Surgery, I learned that Surgical House Physicians must have unobstructed hearing so they can hear everything going on in the operating room and ensure patient safety. Accordingly, the surgical department could not accommodate Mr. Herrero's request for hearing protection. Further, South Miami Hospital could not exclude Mr. Herrero from all surgeries that involved "loud noises" because such request was inconsistent with South Miami Hospital's staffing model, the surgical department's operations, and could compromise patient safety.

10.   In June 2021, I advised Mr. Herrero that South Miami Hospital could not provide his requested accommodations, but that the hospital could offer him other roles in the environmental, dietary, and transportation departments for his same rate of pay and benefits.

11.   These roles were supposed to be temporary and intended to allow Mr. Herrero to maintain his pay and benefits while South Miami Hospital looked for other positions for which Mr. Herrero may have been qualified.  Mr. Herrero, however, rejected these job offers.

12.   Once Mr. Herrero declined the offers, I, consistent with protocol, placed Mr. Herrero on administrative leave so that he could remain in good-standing as a current employee. I also engaged Nicolas Agresti, Leave and Disability Administration Case Manager, so he could assist Mr. Herrero in finding other positions for which Mr. Herrero may have been qualified.

13.   On March 17, 2023, after nearly two years of trying to find a suitable reassignment, Mr. Agresti informed me that no position had been identified for which Mr. Herrero was qualified. Accordingly, Mr. Herrero was separated from his employment with South Miami Hospital.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED:  August _10_, 2023

Diana Montenegro

4879-8686-8085.3 / 071336-1017

# EXHIBIT 1

 **Baptist Health South Florida**

**POLICY NO.: BHSF-5050**
**TYPE: Administrative**

**POLICY TITLE:** Equal Employment Opportunity

**Responsible Department:** Human Resources

**Creation Date:** 04/15/02
**Review Date:**
**Revision Date:** 2020/08/27

**SUBMITTED BY (AUTHOR):** ████████
**Title:** Sr. Human Resources Generalist

**APPROVED BY:** ████████
**Title:** Assistant Vice President, Human Resources

**APPROVED BY:** ████████
**Title:** Senior Vice President and Chief Human Resources Officer

**PUBLISHED (Released):** 2020/09/12

---

**SUMMARY & PURPOSE:**
To state our commitment to provide equal employment opportunities to all applicants and employees of Baptist Health South Florida (BHSF).

**POLICY:**
BHSF is an Equal Employment Opportunity employer. BHSF prohibits any form of unlawful harassment or discrimination against applicants for employment or employees on the basis of race, color, religion, ancestry, sex, gender identity, gender expression, pregnancy, national origin, age, marital status, familial status, military/veteran status, disability status, genetic information with respect to the applicant or employee, sexual orientation, or any other classification/characteristic protected by applicable federal, state or local law.

**SCOPE/APPLICABILITY:**
This policy applies to all terms and conditions of employment, including, but not limited to, hiring, placement, promotion, corrective action, termination, layoff, recall, transfer, leaves of absence, compensation, and training.

**PROCEDURES TO ENSURE COMPLIANCE:**
All employees collectively share the responsibility for understanding the importance of this policy and assuring it is conscientiously reflected in their day to day activities and relationships.

Any employee who believes that he or she has been subject to any type of harassment or discrimination should bring it to the attention of his/her leader, any other Baptist Health leader, or Human Resources or he/she may also call the Compliance Hotline. Human Resources will promptly investigate all reports of harassment, discrimination or bullying. Baptist Health prohibits retaliation against any applicant or employee who either reports or opposes harassment or discrimination, or who participates in an investigation of harassment or discrimination.

**SUPPORTING/REFERENCE DOCUMENTATION:**
N/A

All references to Policies must go to the BHSF Master Copy on the BHSF Intranet; do not rely on other versions / c...

EXHIBIT

JH 7
4-14-23

South Miami Hospital/Herrero - Position Statement
0002

**POLICY NO.: BHSF-5050**
**TYPE: Administrative**

**RELATED POLICIES, PROCEDURES, AND ASSOCIATED FORMS:**
- BHSF Administrative Policy – Human Resources
  - 1500 Accommodations for Applicants and Employees with Disabilities
  - 5075 Prohibiting Harassment and Discrimination
  - 5100 Preventing Workplace Violence
  - 5250 Employee Conduct

- BHSF Administrative Policy – Information Technology
  - 104 Acceptable Use of Computer, Email, Messaging and Voice Mail

**ENFORCEMENT & SANCTIONS:**
Violation of this policy may lead to disciplinary action, up to and including termination of employment.

All references to Policies must go to the BHSF Master Copy on the BHSF Intranet; do not rely on other versions / copies of the Policy.

Page 2 of 2

South Miami Hospital/Herrero - Position Statement
0003

# EXHIBIT 2


**Baptist Health South Florida**

**POLICY NO.: BHSF-5075**
**TYPE: Administrative**

---

**POLICY TITLE:** Policy Prohibiting Harassment and Discrimination

**Responsible Department:** Human Resources

**Creation Date:** 12/01/00
**Review Date:**
**Revision Date:** 2019/06/18

**SUBMITTED BY (AUTHOR):** Karen Castro
**Title:** Sr. Human Resources Generalist

**APPROVED BY:** Philip Magin
**Title:** Assistant Vice President, Human Resources

**APPROVED BY:** Adriene McCoy
**Title:** Corporate Vice President and Chief Human Resources Officer

**PUBLISHED (Released):** 2019/07/01

---

**SUMMARY & PURPOSE:**
To assure a work environment free of all forms of harassment and discrimination, where all employees are treated with dignity and respect.

**POLICY:**
Baptist Health South Florida is committed to providing an environment where employees are treated with dignity and respect, and where the environment is free from all forms of harassment or discrimination, so that employees can perform effectively and experience personal and professional satisfaction from their work.

BHSF prohibits any form of unlawful harassment or discrimination against applicants for employment or employees on the basis of race, color, religion, ancestry, sex, gender identity, gender expression, pregnancy, national origin, age, marital status, familial status, military/veteran status, disability status, genetic information with respect to the applicant or employee, sexual orientation, or any other classification/characteristic protected by applicable federal, state or local law.

**SCOPE/APPLICABILITY:**
This policy applies to all Baptist Health applicants, employees, employed physicians and non-BHSF physicians with privilege's, volunteers, Board members, contractors, agents, or anyone who has contact with Baptist Health applicants, employees, or volunteers.

1. Definitions:
   a. Gender identity shall mean a person's innate, deeply felt psychological identification as a man, woman or some other gender, which may or may not correspond to the sex assigned to them at birth (e.g., the sex listed on their birth certificate).

   b. Gender expression shall mean all of the external characteristics and behaviors that are socially defined as either masculine or feminine, such as dress, grooming, mannerisms, speech patterns and social interactions. Social or cultural norms can vary widely and some characteristics that may be accepted as masculine, feminine or neutral in one culture may not be assessed similarly in another.

All references to Policies must go to the BHSF Master Copy on the BHSF Intranet; do not rely on other versions / copies of the Policy.


JA **EXHIBIT** 5 4-14-23

c. <u>Sexual harassment</u>.  For the purposes of this policy, sexual harassment is defined as unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature when, for example:  (i) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; ii) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or (iii) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

Sexual harassment may include a range of subtle and not so subtle behaviors and may involve individuals of the same or different gender.  Depending on the circumstances, these behaviors may include, but are not limited to:  unwanted sexual advances or requests for sexual favors; sexual jokes and innuendo; verbal abuse of a sexual nature; commentary about an individual's body, sexual prowess or sexual deficiencies; leering, catcalls or touching; insulting or obscene comments or gestures; use of Baptist Health inter-office mail, computers, E-Mail, Instant Messaging and Voice Mail to display and/or transmit, including through regular mail, electronic mail or instant messaging, of pornographic, sexually explicit images, videos, messages and/or cartoons and other physical, verbal or visual conduct of a sexual nature, as well as the display of such images, messages, and/or cartoons in the employee's workspace.  Sex-based harassment that is harassment not involving sexual activity or language (e.g., male manager yells only at female employees and not males) may also constitute discrimination if it is severe or pervasive and directed at employees because of their sex.

d. <u>Harassment on the basis of any other protected characteristic</u> also is strictly prohibited.  For the purposes of this policy, harassment is defined as verbal or physical conduct that denigrates or shows hostility or aversion toward an individual because of his/her race, color, religion, ancestry, sex, pregnancy, national origin, age, disability, marital status, familial status or sexual orientation or any other characteristic protected by applicable federal, state and local laws or that of his/her relatives, friends or associates, and that:  (i) has the purpose or effect of creating an intimidating, hostile or offensive work environment; (ii) has the purpose or effect of unreasonably interfering with an individual's work performance; or (iii) otherwise adversely affects an individual's employment opportunities.

Harassing conduct includes, but is not limited to:  epithets, slurs or negative stereotyping; threatening, intimidating or hostile acts; denigrating jokes and display or circulation in the workplace of written or graphic material that denigrates or shows hostility or aversion toward an individual or group (including through e-mail).

e. <u>Personal space:</u> Invading a person's "personal space" may be perceived as harassment. Personal space is the distance from which one feels comfortable when talking to or being next to another person. Most people value their personal space and feel discomfort, anger or anxiety when their personal space is encroached. The amount of personal space required for any given person is subjective and may vary depending on the individual's cultural background or life experiences. Always err on the side of carefully respecting a person's personal space. This includes avoiding unwanted hugging or other touching.

**PROCEDURES TO ENSURE COMPLIANCE:**
1. <u>Individuals and Conduct Covered</u>:
This policy prohibits employees from displaying any form of harassment, discrimination and retaliation.

Conduct prohibited by this policy is unacceptable in the workplace and in any work-related setting outside the workplace, such as company sponsored events, during business trips, business meetings and business-related social events.

All references to Policies must go to the BHSF Master Copy on the BHSF Intranet; do not rely on other versions / copies of the Policy.

Page 2 of 3

2. <u>Leadership Accountability</u>:
   As representatives of the organization, leaders are held to a very high standard in ensuring an environment free from all forms of harassment, discrimination or retaliation. Leaders must follow the procedures as outlined in this policy and report all incidents that they have observed or which have been brought to their attention immediately to Human Resources.

3. <u>Retaliation Is Prohibited</u>:
   Baptist Health prohibits retaliation against any individual who reports discrimination or harassment or participates in any investigation.

4. <u>Reporting an Incident of Harassment, Discrimination or Retaliation</u>:
   a. Baptist Health strongly urges the reporting of all incidents of discrimination, harassment or retaliation, regardless of the offender's identity or position. Individuals who believe they have experienced conduct which is contrary to this policy or who have observed the discrimination or harassment of another person must report the incident promptly to their leader and/or Human Resources. The availability of this complaint procedure does not preclude individuals who believe they are being subjected to harassing conduct from promptly advising the offender that his or her behavior is unwelcome and requesting that it be discontinued.
   b. IMPORTANT NOTICE TO ALL EMPLOYEES: Employees who have experienced conduct they believe is contrary to this policy have an obligation to take advantage of this complaint procedure. An employee's failure to fulfill this obligation could affect his or her rights in pursuing legal action.
   c. All reported allegations of harassment, discrimination or retaliation will be investigated promptly, thoroughly and impartially. The investigation may include individual interviews with the parties involved and, where necessary, with individuals who may have observed the alleged conduct or may have other relevant knowledge. Confidentiality will be maintained throughout the investigatory process to the extent consistent with adequate investigation and appropriate corrective action, and will be disclosed only on a need-to-know basis to others in order to investigate and resolve the matter.
   d. At the close of the investigation, the employee who made the complaint will be informed of the results of the investigation.
      i. If it is determined that harassment, discrimination or retaliation has taken place, the employee initiating the complaint shall be informed of such and that the proper steps will be taken to cease that behavior.
      ii. If it cannot be determined that harassment, discrimination or retaliation has taken place, the employee initiating the complaint shall be informed that the evidence was inconclusive.

**SUPPORTING/REFERENCE DOCUMENTATION:**
N/A

**RELATED POLICIES, PROCEDURES, AND ASSOCIATED FORMS:**
- BHSF Administrative Policies – Human Resources:
  - 5050 Equal Employment Opportunity
  - 5250 Employee Conduct
  - 5300 Corrective Action
  - 5600 Termination of Employment

**ENFORCEMENT & SANCTIONS:**
Violation of this policy may lead to disciplinary action, up to and including termination of employment.

All references to Policies must go to the BHSF Master Copy on the BHSF Intranet; do not rely on other versions / copies of the Policy.

Page 3 of 3

# EXHIBIT 3



**Baptist Health South Florida**

POLICY NO.: BHSF-HR 1500
TYPE: Administrative

**POLICY TITLE:** Accommodations for Applicants and Employees with Disabilities

**Responsible Department:** Human Resources

**Creation Date:** 2/15/96
**Review Date:**
**Revision Date:** 2019/12/23

**SUBMITTED BY (AUTHOR):** Lisa Miranda-Sixto
**Title:** Director, Employee and Corporate Health Services

**APPROVED BY:** Maribeth Rouseff
**Title:** Assistant Vice President, Employee Health Services and Wellness Advantage

**APPROVED BY:** Adriene McCoy
**Title:** Senior Vice President and Chief Human Resources Officer

**PUBLISHED (Released):** 2020/01/14

---

**SUMMARY & PURPOSE:**
To describe the policy and procedure to be followed throughout Baptist Health for accommodating applicants and employees with disabilities.

**POLICY:**
Baptist Health is committed to providing access to applicants and employees with disabilities. To that end, Baptist Health will provide reasonable accommodations in the workplace for qualified individuals with disabilities, unless to do so would result in an undue hardship to Baptist Health, or would pose a direct threat to the health or safety of employees or patients of Baptist Health.

**SCOPE/APPLICABILITY:**
Applies to all Baptist Health applicants and employees.

**PROCEDURES TO ENSURE COMPLIANCE:**
1.  Baptist Health applicants or employees must let Baptist Health know that he/she needs an adjustment or change concerning some aspect of the application process, the job, or a benefit of employment for a reason related to a medical condition. An applicant or employee may request a reasonable accommodation at any time, orally or in writing. A family member, health professional, or other representative may request an accommodation on behalf of a Baptist Health applicant or employee. For example, a doctor's note outlining medical restrictions for an applicant or employee constitutes a request for reasonable accommodation. A request does not have to include any special words, such as "reasonable accommodation," "disability," or "ADA." A request is any communication in which an individual asks or states that he/she needs Baptist Health to provide or to change something because of a medical condition. A Baptist Health leader should ask the

All references to Policies must go to the BHSF Master Copy on the BHSF Intranet; do not rely on other versions / copies of the Policy.

Page 1 of 3



EXHIBIT
JH 6
4-14-23

applicant or applicant or employee whether he/she is requesting a reasonable accommodation if the nature of the initial communication is unclear.

2. The reasonable accommodation process begins as soon as the oral or written request for accommodation is made to any Baptist Health leader, so it is imperative that the request be forwarded to the Baptist Health Occupational Health Services department as soon as is practicable.  After a request for accommodation has been made, the next step is for Baptist Health and the applicant or employee to begin the interactive process to determine what, if any, accommodation should be provided. This means that Occupational Health Services and the individual requesting the accommodation must communicate with each other about the request, the precise nature of the problem that is generating the request, how a disability is prompting a need for an accommodation, and alternative accommodations that may be effective in meeting an individual's needs.

3. The interactive process involves an informal dialogue between the applicant or employee and Baptist Health in which the two parties discuss the issues affecting the applicant or employee and potential reasonable accommodations that might address those issues.  It requires bilateral cooperation and communication. When Baptist Health initiates an interactive dialogue in good faith with an applicant or employee for the purpose of discussing potential reasonable accommodations for the applicant or employee's disability, the applicant or employee must engage in a good-faith effort to work out potential solutions with Baptist Health. If the applicant or employee fails to cooperate in the process, then Baptist Health's obligation to provide reasonable accommodations ends.

4. When the disability and/or the need for accommodation is not obvious, Baptist Health may ask the individual for reasonable documentation about his/her disability and functional limitations. Baptist Health may require that the documentation about the disability and the functional limitations come from an appropriate health care or rehabilitation professional. The appropriate professional in any particular situation will depend on the disability and the type of functional limitation it imposes.  Appropriate professionals include, but are not limited to, physicians (including psychiatrists), psychologists, nurses, physical therapists, occupational therapists, speech therapists, vocational rehabilitation specialists, and licensed mental health professionals.

5. Baptist Health may choose among reasonable accommodations as long as the chosen accommodation is effective. Thus, as part of the interactive process, Baptist Health may offer alternative suggestions for reasonable accommodations and discuss their effectiveness in removing the workplace barrier that is impeding the individual with a disability.  If there are two possible reasonable accommodations, and one costs more or is more burdensome than the other, Baptist Health may choose the less expensive or burdensome accommodation as long as it is effective (i.e., it would remove a workplace barrier, thereby providing the individual with an equal opportunity to apply for a position, to perform the essential functions of a position, or to gain equal access to a benefit or privilege of employment). Similarly, when there are two or more effective accommodations, Baptist Health may choose the one that is easier to provide. In either situation, Baptist Health does not have to show that it is an undue hardship to provide the more expensive or more difficult accommodation. If more than one accommodation is effective, the preference of the individual with a disability will be given primary consideration. However, Baptist Health has the ultimate discretion to choose between effective accommodations.

6. Baptist Health may not require a qualified individual with a disability to accept an accommodation. If, however, an applicant or employee needs a reasonable accommodation to perform an essential function or to eliminate a direct threat, and refuses to accept an effective accommodation, he/she may not be qualified to remain in the job.  If in the case of reassignment to a vacant position, in the event the applicant or employee refuses the reassignment and there are no other reasonable accommodations available, then Baptist retains the right to terminate the employment of the employee based upon an inability to perform the essential functions of the job.

All references to Policies must go to the BHSF Master Copy on the BHSF Intranet; do not rely on other versions / copies of the Policy.

7. Baptist Health reserves the right to exclude an applicant or employee with a disability from a particular position if that individual would pose a direct threat to health or safety. The determination that a particular applicant or employee with a disability poses a direct threat will be based on an individualized assessment of the individual's present ability to safely perform the essential functions of the job.

**SUPPORTING/REFERENCE DOCUMENTATION:**
- N/A

**RELATED POLICIES, PROCEDURES, AND ASSOCIATED FORMS:**
- N/A

**ENFORCEMENT & SANCTIONS:**
Violation of this policy may lead to disciplinary action, up to and including termination of employment.

All references to Policies must go to the BHSF Master Copy on the BHSF Intranet; do not rely on other versions / copies of the Policy.

Page 3 of 3